**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Jeffrey Paul Walz,

Plaintiff,

v.

United States of America,

Defendant.

Civil No. 01-1858 (RHK/RLE)
**MEMORANDUM OPINION AND ORDER**

---

Jeffrey Paul Walz, pro se, for Plaintiff.

Michael R. Pahl, Tax Division, United States Department of Justice, Washington, D.C., for Defendant.

---

## Introduction

In July 2000, the Internal Revenue Service ("IRS") assessed Walz a $500.00 penalty for filing a frivolous tax return. Walz did not pay the penalty, and the IRS sent him a notice of intent to levy for the unpaid penalty. In that notice, the IRS informed Walz that he was entitled to request a collection due process ("CDP") hearing under 26 U.S.C. § 6330 to examine whether the proposed levy was appropriate. Walz made the request; at the CDP hearing, it was determined that the levy was appropriate. Under § 6330(d), Walz had thirty days from the CDP determination to appeal the ruling to the appropriate federal district court. After first sending a complaint to the Brooklyn Center, Minnesota, office of the IRS, Walz filed a Complaint in this Court seeking to appeal



MAR 2 2 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD MAR 2 2 2002
DEPUTY CLERK

under 26 U.S.C. § 6330(d). Walz, however, filed the Complaint more than thirty days after the CDP determination. Before the Court is the Government's Motion to Dismiss for Lack of Jurisdiction under Federal Rule of Civil Procedure 12(b)(1); Insufficient Service of Process under Federal Rule of Civil Procedure 12(b)(5); and Failure to State a Claim Upon Which Relief Can Be Granted under Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the motion will be granted.

**Background**

On his 1999 federal individual income tax return, Walz entered a zero on every income and tax line. (Pl. Ex. F.) Walz owed no federal income tax for the 1999 tax year. (Id.) Under 26 U.S.C. § 6702, however, the IRS assessed Walz a $500.00 penalty for filing a frivolous return because the return did not contain information on which the substantial correctness of the self-assessment could be judged. (Pl. Exs. F & G.) Walz did not pay the $500.00.

On October 31, 2000, the IRS sent Walz a "Notice of Intent to Levy and Notice of Your Right to a Hearing." (Pl. Ex. H.) The Notice explained that the IRS intended to impose a levy for the $500.00 under 26 U.S.C. § 6331 and that Walz had a right to a hearing (known as a CDP hearing) under 26 U.S.C. § 6330. (Id.) The Notice instructed Walz that he had 30 days from the date of the letter to pay the amount, make arrangements to pay the amount, or request an appeals consideration by using a Form 12153, included with the October 31, 2000 letter. (Id.) Walz filed a timely notice requesting a CDP hearing under § 6330. (Compl. Ex. B.) Walz challenged the $500.00

assessment because, among other things, (1) his requests for "examinations" and "interviews" of IRS employees had been denied; (2) no valid underlying assessment for the underlying tax liability had been made; and (3) he never received the statutory notice and demand that was required before an assessment can be made under § 6331. (Id.) Before the hearing, Walz made various discovery requests, asking the appeals officer to bring documents to the CDP hearing. (See Compl. ¶ 11.) The appeals officer did not respond to Walz's requests.

The CDP hearing took place on June 12, 2001. At the hearing, Walz outlined his arguments, and the appeals officer took the matter under advisement. (Pl. Ex. E.) In a letter dated July 25, 2001, the IRS appeals officer sent by certified mail a "Notice of Determination" to Walz concluding that "[t]he proposed levy is an appropriate collection action based on the facts and circumstances in this case." (Pl. Ex. F.) The appeals officer attached a detailed explanation of the issues raised at the CDP hearing and the statutes applicable to the IRS's determination that the $500.00 penalty was appropriate. The July 25, 2001 letter informed Walz that, if he wanted to dispute the determination, he had "30 days from the date of this letter to file a complaint in the appropriate United States District Court for redetermination." (Id.) The letter also stated that "[i]f you do not file a complaint with the court within 30 days from the date of this letter, your case will be returned to the origination IRS officer for action consistent with the determination." (Id.)

On August 22, 2001, the IRS sent Walz a letter informing him that his appeal from the CDP determination was received in the Brooklyn Center, Minnesota, office of the IRS.[1] (Pl. Ex. A.) The letter informed him that his appeal needed to be filed in the appropriate United States District Court for redetermination, and the letter listed the address for the United States District Court for the District of Minnesota. (Id.) On September 22, 2001, Walz filed[2] a Complaint in this Court seeking an appeal under § 6330(d). (Pl. Ex. B.)

In the Complaint, Walz seeks, among other things, to have the CDP hearing determination declared "invalid" and to compel the IRS to respond to his discovery requests. (Compl.) On January 7, 2002, the Government moved to dismiss Walz's Complaint arguing that (1) the Court lacks jurisdiction because the appeal was untimely; (2) there was insufficient service of process; and (3) Walz fails to state a claim upon which relief can be granted. (Gov. Mem. in Supp. of Mot. to Dismiss.)

**Analysis**

The Internal Revenue Service Restructuring and Reform Act of 1998 includes a provision, codified at 26 U.S.C. § 6330, which provides that prior to the issuance of an

---

[1]The Court does not have a copy of what was sent to the Brooklyn Center office of the IRS.

[2]Walz, however, failed to complete a civil cover sheet. (Pl. Ex. C.) A civil cover sheet was sent to Walz, which he completed and submitted to the Clerk of Court on October 10, 2001.

administrative tax levy, the IRS must give the taxpayer notice of and the opportunity for an adminstrative review of the matter in the form of a CDP hearing. 26 U.S.C. § 6330. Subsection (d) of § 6330 outlines the means for obtaining judicial review of a CDP determination if the taxpayer is dissatisfied with that determination. 26 U.S.C. § 6330(d). Section 6330(d)(1) provides that a taxpayer may seek judicial review of any determination made under that section by filing a petition with the appropriate court within thirty days of a determination being made. 26 U.S.C. § 6330(d)(1). The appropriate court is either the Tax Court or a United States District Court, depending on the nature of the underlying dispute. Bartschi v. Tracy, 2001 WL 1338795 at * 3 (D. Ariz. Sept. 5, 2001). The statute further provides that "[i]f a court determines that the appeal was to an incorrect court, a person shall have thirty days after the court determination to file such appeal with the correct court." Id. The thirty-day statutory period for filing is jurisdictional and cannot be extended. McCune v. Commissioner of Internal Revenue, 115 T.C. 114, 116 (T.C. 2000). Thus, a court's jurisdiction to hear an appeal under § 6330(d) is contingent on a timely petition for review being filed. Goza v. Commissioner of Internal Revenue, 114 T.C. 176, 182 (T.C. 2000).

The Government contends that this Court does not have jurisdiction to hear Walz's appeal because he did not file a notice of appeal with the appropriate court within the thirty-day statutory time period.[3] (Gov. Mem. in Supp. of Mot. to Dismiss at 3.) As

[3]The Government also moves to dismiss Walz's Complaint on the grounds that there was insufficient service of process and that the Complaint fails to state a claim upon

noted above, the thirty-day appeal period is jurisdictional. (Id.) Thus, because Walz did not file the Complaint within thirty days, the Government contends that this Court lacks subject matter jurisdiction over the matter. (Id.) Walz responds that he did file a timely appeal but that he filed it in the "wrong court." (Walz. Mem. in Opp. of Mot. to Dismiss at 2.) Because he filed it in the "wrong court," Walz asserts that he had an additional thirty days to file the Complaint in this Court. (Id.) Walz states that he filed the Complaint in the correct correct within thirty days after he had filed it in the "wrong court," that he did not know that he needed a civil cover sheet, and that he completed the civil cover sheet after the Clerk of Court sent it to him. (Id.)

Walz is correct that § 6330(d) provides for an additional thirty days to file with the correct court if "a court determines that an appeal was to an *incorrect court*." 26 U.S.C. 6330(d) (emphasis added). When the statute refers to the "incorrect court" and the "correct court," it refers to an appeal made to the Tax Court when it should have been to a United States District Court or vice versa. See Bartschi, 2001 WL 1338795 at * 3 (explaining which type of appeal is heard by the Tax Court and by a United States District Court). Walz, however, did not file a Complaint with any court in August 2001. He filed it with the IRS, which is not a court. Therefore, Walz is not entitled to the additional thirty days provided under § 6330(d)(1) for a timely filing.

---

which relief can be granted. (Gov. Mem. in Supp. of Mot. to Dismiss at 4-6.) Because the Court concludes that it does not have jurisdiction over this matter, it does not reach the Government's or Walz's arguments relating to service of process and failure to state a claim upon which relief can be granted.

The CDP determination was sent to Walz on July 25, 2001. (Pl. Ex. F.) Under § 6330(d)(1), Walz needed to file the Complaint thirty days after the CDP determination in order to satisfy the jurisdictional requirement for his appeal. 26 U.S.C. § 6330(d)(1); McCune, 115 T.C. at 116. Walz filed the Complaint in this Court on September 22, 2001, without all of the proper paperwork. (Pl. Exs. B & C.) Under Local Rule 3.1, when a complaint is filed without a civil cover sheet, the Clerk is instructed to mark the document on the date received and to instruct the filing party to complete the civil cover sheet. D. Minn. L.R.3.1. When the civil cover sheet is completed, the Clerk files the complaint "as of the date of the original receipt." Id. Therefore, Walz's Complaint is treated as filed on September 22, 2001. The Complaint, however, is untimely because it was filed more than thirty days after the CDP determination on July 25, 2001. Accordingly, this Court does not have subject matter jurisdiction over the dispute, and this action must be dismissed. McCune, 115 T.C. at 116; see also Hansen v. U.S. Dept. of Agric., 221 F.3d 1342, 1342 (8th Cir. 2000) (because time limit is mandatory and jurisdictional, court lacked jurisdiction to hear untimely appeal); United States Dept. of Agric. v. Kelly, 38 F.3d 999, 1003 (8th Cir. 1994) (dismissing appeal that was one day late and stating that timeliness of an appeal is a jurisdictional requirement that cannot be modified by the Court).

**Conclusion**

Upon all the files, records, and proceedings herein, and for the reasons stated above, **IT IS ORDERED** that

1. Defendant's Motion to Dismiss (Doc. No. 3) is **GRANTED**; and

2. Walz's Complaint (Doc. No. 1) is hereby **DISMISSED WITH PREJUDICE.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: March 22, 2002

Richard H. Kyle
United States District Judge

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES:

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.